# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID GEORGE CLARK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 19-054-JHP-SPS |
| | ) | |
| **OKLAHOMA DEPARTMENT** | ) | |
| **OF CORRECTIONS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff, a state prisoner who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). He alleges he suffered constitutional violations while incarcerated at numerous Oklahoma prisons and names five defendants: Oklahoma Department of Corrections, FNU Sparks, Warden Braggs, Nurse Billie, and Case Manager Gray. He states the individual defendants are located in Lexington, Oklahoma, but does not set forth the facilities where they are employed. As discussed below, Plaintiff must file a proper amended complaint before this case may proceed.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550

U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*.

A reviewing court, however, need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Defendant Oklahoma Department of Corrections**

Plaintiff has named the Oklahoma Department of Corrections (DOC) as a defendant. This agency, however, is entitled to dismissal under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a state. When a state agency is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." An exception exists when the state waives Eleventh Amendment immunity or it is abrogated by Congress.

In this case, the State of Oklahoma has not waived its Eleventh Amendment immunity. Furthermore, Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. Because the DOC is a state agency, the Eleventh Amendment applies regardless of the relief sought. Therefore, if Plaintiff names the DOC as a defendant in his amended complaint, the agency will be dismissed without prejudice by the Court.

**Allegations**

Plaintiff alleges in his Statement of Claim in the complaint that the "Tulsa County Police Dept. has harass [sic] and threatened me before, during, and after my arrest." (Dkt. 1 at 4). He also asserts he was threatened at Lexington Assessment and Reception Center, Dick Conner Correctional Center, and Lawton Correctional Facility. *Id.* Further, he allegedly was beaten and sexually assaulted by other inmates. *Id.* He, however, makes no specific allegations about any of the named

3

defendants.

**Amended Complaint**

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on the Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). In addition, the complaint must state the prison facilities where the individual defendants allegedly violated his constitutional rights.

Plaintiff must provide a short and plain statement of when and how each named defendant violated his constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). He also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court. It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990). *See also* Local Civil Rule 9.2(c). Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to send Plaintiff the proper form for filing an amended complaint. If Plaintiff fails to file an amended complaint in accordance with this Order, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY,** Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order. The Court Clerk is directed to send Plaintiff a copy of the form for filing a civil rights complaint in this Court. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 27th day of February, 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma